IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AVERY MIGUEL PERRY, SR.,** : | **CIVIL ACTION** |
| *Plaintiff* : | |
| : | |
| v. : | **NO. 22-CV-4599** |
| : | |
| **DETECTIVE O'DONNELL,** *et al.*, : | |
| *Defendants* : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                       NOVEMBER 22, 2022

Currently before the Court is a Complaint filed by Avery Miguel Perry, Sr. against retired Detective O'Donnell and the "Chester County Detectives Office" based on the failure to investigate Perry's complaint that he was assaulted by correctional officers while incarcerated at the Chester County Prison. (ECF Nos. 2 & 2-1.) Also before the Court is Perry's Motion to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, Perry leave to proceed *in forma pauperis* is granted and his Complaint is dismissed.

I.   **FACTUAL ALLEGATIONS**

Perry alleges that on December 21, 2020, he was assaulted by five correctional officers while he was incarcerated at the Chester County Prison. (Compl. at 3.)[1] Perry further alleges that he was denied psychiatric medication, "given a diagnosis to cover the actions of the previous malice," and placed in "extenuating administrative punishment" that caused him additional harm. (*Id.*) Prior to initiating the instant civil action, Perry filed a lawsuit in this Court based on the same events of December 21, 2020. *Perry v. Meir*, Civ. A. No. 22-1699 (E.D. Pa.). He is proceeding

---

[1]   The Court adopts the pagination supplied by the CM/ECF docketing system.

in that case on an excessive force claim against a correctional officer who allegedly kneeled on his neck during the December 21, 2020 incident.  *Id.* (ECF Nos. 17 & 18).

Following his release from prison, Perry reported these events and provided supporting documentation to Detective O'Donnell of the Chester County Detectives Office "after scheduling multiple appointments."  (*Id.*)  Perry claims that he "produce[d] a statement on two occasions" to Detective O'Donnell and left voicemails for the detective, which went unanswered.  (ECF No. 2-1 at 2.)  Eventually, Detective O'Donnell contacted Perry and told him "I did not forget about you I have been working on murder cases."  (*Id.*)  Perry responded that he had "active civil litigation" and "would appreciate some more effort on the criminal portion of [his] court proceedings and to assure that these malice acts cannot be committed to another individual."  (*Id.*)

As a result of additional follow-up efforts, Perry learned that Detective O'Donnell retired.  (*Id.* at 3.)  Perry obtained a copy of the report that Detective O'Donnell prepared prior to his retirement based on his investigation into Perry's allegations.  (*Id.*)  According to Perry, the report was inadequate in various respects.  (*Id.*)  Perry believes he is the victim of a conspiracy and alleges that he "ha[s] to speculate that race & ethnicity may play a part in this case."  (*Id.* at 4.)  Perry also communicated with another officer to request a mailing address for the correctional officer who assaulted him so he could effectuate service in his civil case, but "was denied any information."  (*Id*. at 3.)

Perry's claims against Detective O'Donnell and the Chester County Detectives Office are based on Perry's dissatisfaction with Detective O'Donnell's investigation into what allegedly happened to him at the Chester County Prison.  Perry essentially alleges that Detective O'Donnell owed him a duty to pursue justice on his behalf.  Perry seeks damages and also appears to seek the initiation of criminal charges against the "responsible party(ies)."  (Compl. at 4.)

## II.   STANDARD OF REVIEW

The Court grants Perry leave to proceed *in forma pauperis* because it appears that he does not have the current ability to pay the fees to commence this case. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss a complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Perry is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.   DISCUSSION

Perry brings federal claims pursuant to 42 U.S.C. § 1983.[2] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and/or laws of the United

---

[2]   The other federal statutes cited by Perry, (Compl. at 2), do not give rise to a claim. *Steinhardt v. Bernardsville Police Dep't*, No. 20-2825, 2021 WL 3929321, at *2 n.2 (3d Cir. Sept. 2, 2021) (*per curiam*) ("Steinhardt also referenced 18 U.S.C. § 241 and 34 U.S.C. § 12601, but these provisions contain no private right of action."); *Colon-Montanez v. Pennsylvania Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (*per curiam*) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant such as Colon-Montanez."); *Perry v. 38th Jud. Dist.*, No. 22-2704, 2022 WL 2805332, at *2 (E.D. Pa. July 18, 2022) (explaining to Perry that 18 U.S.C. §§ 241 and 242 do not provide a basis for him to bring a claim); *see also Olexsak v. Jones*, No. 21-20026, 2022 WL

States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To be liable in a civil rights action "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

However, there is no private right to a criminal investigation of or the initiation of criminal charges against a third party.[3] *See Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) (explaining that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."). In other words, a failure to investigate or an allegedly inadequate investigation does not equate to a constitutional violation. *See Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." (Quotations omitted)).

Although Perry speculates that Detective O'Donnell's allegedly inadequate investigation was the product of race discrimination or a conspiracy, a plaintiff cannot state a claim based on bald conclusions or speculation. *See Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 328 (3d Cir. 2022) (explaining that speculative and conclusory allegations must be disregarded in determining whether a pleading states a claim); *Wilson v. Hillsborough Twp. Constr. Dep't*, 779

---

2980985, at *4 n.9 (D.N.J. July 28, 2022) (explaining that 34 U.S.C. § 12601 does not provide a plaintiff with a private cause of action). Accordingly, any claims purportedly brought under those provisions must be dismissed with prejudice.

[3]   Indeed, this legal concept has been explained to Perry in connection with one of his many prior lawsuits. *See Perry v. Paolillo*, No. 22-1872, 2022 WL 2209288, at *2 n.5 (E.D. Pa. June 21, 2022).

F. App'x 969, 972 (3d Cir. 2019) (*per curiam*) ("vague, conclusory speculations" were insufficient to allege a basis for discrimination); *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred."). In sum, Perry has not stated a plausible basis for a claim based on Detective O'Donnell's alleged handling of the investigation into his complaint. Perry's claims against the "Chester County Detectives Office" also fail for the additional reasons that this entity is not a proper defendant under § 1983 and that, in any event, Perry has not alleged any plausible basis for municipal liability. *See Strunk v. E. Coventry Twp. Police Dep't*, 674 F. App'x 221, 225 (3d Cir. 2016) (*per curiam*) ("[T]he Chester County Detectives Division is not a proper party, and the Appellants did not identify any official policy or custom of the East Coventry Township Police Department that was the cause of the alleged constitutional violations" (internal citations omitted)).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Perry leave to proceed *in forma pauperis* and dismiss his Complaint. The dismissal is with prejudice because this Court concludes that any amendment would be futile.[4] An appropriate Order follows, which shall be docketed separately.

*NITZA I. QUIÑONES ALEJANDRO*, J.

---

[4] The dismissal of this case does not prevent Perry from moving forward with his claims based on the underlying assault in his previously filed case. To the extent Perry intended to bring any state law claims by citing a Pennsylvania code provision, which is unclear, those claims are dismissed without prejudice. The Court, having dismissed Perry's federal claims, declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Because there is no independent basis for subject matter jurisdiction over any such claims, the state law claims are dismissed without prejudice. *See* 28 U.S.C. § 1332.